DAVID C. BROWN
NAME
F-55818
PRISON NUMBER
POB 600, CIM MSF

CURRENT ADDRESS OR PLACE OF CONFINEMENT
CHINO, CA 91708-0600

CITY, STATE, ZIP CODE

FILED
JAN - 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

2254 ✓ 1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓ ProSe ___

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DAVID CARLTON BROWN,
(FULL NAME OF PETITIONER)

**PETITIONER**

v.

M.E. POULOS, WARDEN, ET. AL.,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

JERRY BROWN,
The Attorney General of the State of California, Additional Respondent.

Civil No '08 CV 0017 JM NLS
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: SUPERIOR COURT OF CALIFORNIA, SAN DIEGO COUNTY, 220 W. BROADWAY, SAN DIEGO, CALIFORNIA
2. Date of judgment of conviction: 11/2/06; SENTENCED 12/5/06
3. Trial court case number of the judgment of conviction being challenged: SUPERIOR COURT #SCD178177
4. Length of sentence: (6) YEARS

5. Sentence start date and projected release date: BEGAN DECEMBER 5, 2006; EPRD MAY 8, 2008

6. Offense(s) for which you were convicted or pleaded guilty (all counts): COUNT ONE: HEALTH & SAFETY CODE §11352; COUNT TWO: STAYED; PRIOR STRUCK HEALTH & SAFETY CODE 11370.2

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☒ No

**DIRECT APPEAL**

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: PENDING
    (b) Date of result (if known): PENDING
    (c) Case number and citation (if known): D050139 ALSO WRIT D051427
    (d) Names of Judges participating in case (if known) N/A
    (e) Grounds raised on direct appeal: VIOLATION OF FEDERAL DUE PROCESS OF LAW; THE TRIAL COURT ERRED IN ALLOWING APPELLANT TO REPRESENT HIMSELF; PRIOR PRISON ENHANCEMENT SHOULD BE VACATED/COURT ORDERED EHNACEMENT STRICKEN

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: N/A
    (b) Date of result (if known): N/A
    (c) Case number and citation (if known): N/A
    (d) Grounds raised: N/A

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

(a) Result: N/A

(b) Date of result (if known): N/A

(c) Case number and citation (if known): N/A

(d) Grounds raised: N/A

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes ☐ No

**15.** If your answer to #14 was "Yes," give the following information:

(a) **California Superior Court** Case Number (if known): N/A

(b) Nature of proceeding: WRIT OF HABEAS CORPUS; APPLICATION FOR HEARING AND RELEASE ON OWN RECOGNIZANCE

(c) Grounds raised: JURY MISCONDUCT; DOUBLE JEOPARDY; ABUSE OF DISCRETION VIOLATION OF DUE PROCESS OF LAW; REQUEST IMMUNITY FROM THIS FORM OF PROSECUTION

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No **PENDING**

(e) Result: N/A

(f) Date of result (if known): N/A

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes ☐ No

**17.** If your answer to #16 was "Yes," give the following information:

(a) **California Court of Appeal** Case Number (if known): D051427

(b) Nature of proceeding: CONSOLIDATION OF WRIT AND DIRECT APPEAL

(c) Names of Judges participating in case (if known) N/A

(d) Grounds raised: VIOLATION OF DUE PROCESS OF LAW; JURY MISCONDUCT; ABUSE OF DISCRETION; DOUBLE JEOPARDY; REQUEST IMMUNITY FROM THIS FORM OF PROSECUTION; RELEASE ON OWN RECOGNIZANCE

(e) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No **PENDING**

(f) Result: ______

(g) Date of result (if known): ______

**18.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes ☐ No

**19.** If your answer to #18 was "Yes," give the following information:

(a) **California Supreme Court** Case Number (if known): N/A

(b) Nature of proceeding: HABEAS CORPUS FOR HEARING & APPLICATION FOR O.R. RELEASE ON OWN RECOGNIZANCE

(c) Grounds raised: SEE PREVIOUSLY LISTED GROUNDS

(d) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes ☐ No PENDING

(e) Result: ______

(f) Date of result (if known): ______

**20.** If you did ***not*** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

N/A

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?

☐ Yes ☒ No (IF "YES" SKIP TO #22)

(a) If no, in what federal court was the prior action filed? SAME IN THIS COURT

(i) What was the prior case number? #05-CV-0061-IEG (PCL)

(ii) Was the prior action (CHECK ONE):

☐ Denied on the merits?

☒ Dismissed for procedural reasons?

(iii) Date of decision: N/A

(b) Were any of the issues in this current petition also raised in the prior federal petition?

☐ Yes ☒ No

(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?

☐ Yes ☒ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present ***all*** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Jury misconduct, contaminating influence outside court. There is no assurances that the jury could not be influenced by what they observed; instruction error.

**Supporting FACTS**: Three jurors and one alternate had unauthorized observation of the defendant being escorted to a holding cell on a recess from courtroom. The defendant was pushed up to a wall to let one juror by. This caused a great substantial likelihood that influenced the juror because on the way back from the recess, the other jurors were waiting at the same place. (To see if it is true that the defendant is in custody.) The defendant immediately brought this to the trial court's attention, who failed to hold an evidentiary hearing, the defendant moved for a mistrial, but trial court just wanted to admonish the jury. But further predjudiced the defendant by stating in the admonishment, "That the defendant is in custody."... "Objection to the admonishment." The defendant now states ( I have been locked-up for three years already). There is no assurances that any jury could not be biased by all of this. A fair trial would be unlikely! With a defense of entrapment. The defendant in custody for three years already.

**Did you raise GROUND ONE in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Application Review Habeas

(2) Case number or citation: N/A

(3) Result (attach a copy of the court's opinion or order if available): Pending

(b) **GROUND TWO**: Wrongful restraints once in jeopardy, double jeopardy, violation of due process of law. Continuation cause unfair trial. Order remand/ remand/reversal of conviction, move for O.R. release.

**Supporting FACTS**: The defendant is unable to receive a fair trial and causing new issues to be raised. Circumstances exist that render such process ineffective to protect the rights of the defendant/petitioner which resulted in a decision that was contrary to or, involved an unreasonable application of clearly established federal law. (restraint on aman's liberty) making him guilty before a panel. (Also because of the intentional invidious discrimination.) Under Health and Safety Code §11367 provides immunity to any person working under their immediate direction, supervision or, instruction, are immune from prosecution (People V. McIntyre) (1990) 271 Cal.RPTR. 467. If crime was suggested by another, the defendant is not criminally liable. If statute is susceptible of mor than one interpretation, express language of health and safety code §11367 which provides that such persons are immune from prosecution under this division. "This is intentional, invidious discrimination," and the court refuses to enable officers of the law to consummate illegal, or unjust scheme designed to foster such acts. A conviction of the accused would violate his constitutional rights to due process of law. (See: Attachments and exhibits)

**Did you raise GROUND TWO in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Same

(2) Case number or citation: Same

(3) Result (attach a copy of the court's opinion or order if available): Same

(c) **GROUND THREE**: Abuse of discretion, unreasonable application of clearly established Federal Law (Unjust Decision)

**Supporting FACTS**: An unjust decision is one in which there is at least demonstrated a manifest misapplication of existing principle resulting in substantial injustice. The Due Process clause of the fourteenth Amendment bars reprosecution for the same offense. If such procedure is fundamentally unfair (Three Trials). All unfair trail. Proof of Bias of a presiding justice with her abuse of discretion, just to give the prosecution unlimited opportunities to get a conviction.

Jury misconduct, such process ineffective to protect the rights of the defendant, who is to be believed innocent before he is proven guilty, not to look guilty before trial. (Personal liberty is of so great momnt in the eye of the law.) But it is unjust to take it away! It affects the foundation of the whole proceedings. See: (FAY v.NOIA) (1963) 372 US 391

See: Attachments and Exhibits

**Did you raise GROUND THREE in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Same

(2) Case number or citation: Same

(3) Result (attach a copy of the court's opinion or order if available): Same

(d) **GROUND FOUR**: "Restraints on a Man's Liberty" Request to/for O.R. Release on own recognizance involved an unreasonable application of clearly established Federal Law.

**Supporting FACTS**: The defendant's continued detention at these facilities caused under interences/influence by trial jury who believed the petitioner/defendant guilty of this and baybe other crimes. This Affected the foundation of the whole proceedings. (Let alone the Defendant's defense of entrapment.) (Request a application for O.R. Release pending outcome of proceedings)

The court may grant/order the release of petitioner pending habeas corpus petition's determination. In RE Newbern (1960) 53 Cal.2D786

**Did you raise GROUND FOUR in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Same

(2) Case number or citation: Same

(3) Result (attach a copy of the court's opinion or order if available): Same

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☒ Yes ☐ No

**24.** If your answer to #23 is "Yes," give the following information:

(a) Name of Court: COURT OF APPEALS AND SUPREME COURT

(b) Case Number: D050139; D051427

(c) Date action filed: N/A

(d) Nature of proceeding: SAME

(e) Name(s) of judges (if known): SAME

(f) Grounds raised: SAME

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No PENDING

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: MS. GULLIAMS

(b) At arraignment and plea: MS GUILLIAMS OR SOME OTHER ATTORNEY

(c) At trial: IN PRO PER

(d) At sentencing: IN PRO PER

(e) On appeal: HOWARD C. COHEN, JOHN L. STALEY

(f) In any post-conviction proceeding: N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding: N/A

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No

(a) If so, give name and location of court that imposed sentence to be served in the future:
N/A

(b) Give date and length of the future sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☒ Yes ☐ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: ________

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

______________________________
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

12-17-2007 [signature]

(DATE) SIGNATURE OF PETITIONER

CONTENTS OF CASES

JACKSON VS. SUPERIOR COURT IN AND FOR SAN DIEGO COUNTY (1937) 10 CAL. 2d 350
FAY VS. NOIA (1963) 372 US 391
CURRY V. SUPERIOR COURT (1970) 2 CAL.3d 707, 718
PEOPLE V. STURDY (1965) 235 CAL.APP.2d 306, 314
PEOPLE V. UPSHAW (1976) 13 CAL.3d 29, 33
PEOPLE V. FRANKLIN (1976) 56 CAL.3d 18, 23
RICHARD M. V. SUPERIOR COURT (1971) 4 CAL.3d 370, 376
UNITED STATES V. JORN 400 US 470, 485
OREGON V. KENNEDY 456 US 667
WADE V. HUNTER 336 US 684, 689
ARIZONA V. WASHINGTON 438 US 497, 509
UNITED STATES V. TATEO 377 US 463
GREEN V. UNITED STATES (1957) 355 US. 184
UNITED STATES V. DINITZ 424 US. 600
UNITED STATES V. SIMPSON (1996) 94F.3d 1373
UNITED STATES V. FIGUEROA - SOTO (9th CIR 1991) 938F.2d 1015, 1019
PEOPLE V. HERNANDEZ (2002) 95 CA 4th 1346
IN RE WINCHESTER (1960) 53 CAL2d 528, 534
UNITED STATES V. VASQUEZ (9th CIR 1979) 597F.2d 192, 193
CARAFAS V. LAVALLEE 391 US 234 (1968)
U.S. EX REL PITTS V. RUNDLE 325F.SUPP 480 (1971)
UNITED STATES V. BURDICK 284F.SUPP 685 (1968)
RASUL V. BUSH 542 US 466 (2004)
ROUSE V. CAMERSON 373F.2d 451
ARCHULETA V. HEDRICK C.A.8 (MO) 365F3d 644 (2004)
U.S. SIMPSON, C.A. 10 (KAN) 1996 94F3d 1373
U.S. V. BURDICK E.D. PA. 1968 284F.SUPP 685

A review De Nova of Case #SCD 78177 will find that a great miscarriage of justice has befallen on petitioner/appellant. Which caused successive prosecution to convict the petitioner/appellant, which also caused such procedures to become fundamentally unfair. Just to give the prosecution more opportunity to convict. First trial, the jury deadlocked 11-1, in favor of a guilty verdict, trial court asked the defense, do you agree to a mistrial, the defense did not consent to a mistrial and made an objection to the jury being discharged. The trial court and court reporter intended to provoke an agreement to consent. This is an attack on the petitioner/appellant to consent or the trial court would claim one under legal necessity. Because of the great power of discretion, which the trial court abused and further violated the petitioner's right in the second trial and upon other issues would not rescue herself from this case. Once upon the objection and refusal to the consent. The trial court had other options which the defense and the prosecution could discuss before or without the discharge of the jury.

**OPTIONS**

1.) Put an alternate in place of one juror.

2.) Out of the presence of the jury, both the defense and prosecution can negotiate on a plea agreement.

**EVIDENCE OF ABUSE OF DISCRETION**

1.) Denying petitioner the right to counsel would constitute an error.

2.) Denying petitioner the right to a fair and impartial trial.

3.) Denying petitioner's first trial transcripts, to enable him to present an adequate defense.

4.) Judicial misconduct by failing to recuse/disqualify herself.

Attack the general character of the defendant to accept consent to a mistrial or trial court would rule to give the prosecution unlimited opportunities to get a conviction.

Which exposure the defendant's defense to provide the state with a major advantage in preparing for the second trial.

**JURY MISCONDUCT (The jury learned of the petitioner's custody unfair)**

Substantial public interests were involved in issues relating to continued detention of Habeas petitioner at county jail and state prison facility. Therefore, the Court can exercise it's discretion to consider issues not raised in briefs. Where dominant theme of pro-se petition was that continued detention of petitioner at these facility was unfair, unlawful and unconstitutional. Circumstances exists that render such process ineffective to protect the right of the applicant/petitioner, resulting in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. The trial court's failure to conduct sufficient inquiry into allegations of juror misconduct presents issue of abuse of discretion and required new trial. Due process clause of 14th Amendment bars reprosecution for same offense. Such procedure is fundamentally unfair.

But because of the jury misunderstanding of entrapment law or instruction, the trial court abused his discretion by ruling to not allow the defense the reading of display "Persona Non Grata". Petitioner's defense is to show that the police manufactured the crime, which otherwise would not have occurred.  In testimony by Officer Martinez stated, Team #8 was out looking for small time drug dealer, which they did not find but manufactured/created a crime.  This is police conduct that is not to be tolerated.  Also under (Health and Safety Code) in performance of their official duties, and any person working under their immediate direction or instruction are immune from prosecution.  The petitioner is now working under Officer Martinez' authority to locate narcotics or find someone who deals narcotics under his request.  Thus the petitioner is clothed with the same immunity by the action of the undercover officer's immediate request and direction to assist in locating narcotics.  Because of this intentional invidious discrimination, the prosecution, San Diego Police Department and the San Diego Superior Court are engaged in a deliberate systematic practice of discriminatory enforcement of criminal law.  The petitioner requests immunity from this form of prosecution.

The granting of this Writ of Habeas Corpus is warranted.

**ISSUES NOT RAISED EARLIER CAN BE EXCUSED**

The petitioner must be given an opportunity to make an explanation as to his failure to raise his claims earlier. Because of wrongful restraints upon the petitioner's liberty. After appeals court's order remand/reversal of conviction, petitioner moved for O.R. Release or bail hearing, but got no response from Superior Court. Later upon new request in front of Judge Brown, bail was raised higher than previously. Because of wrongful restraints upon petitioner's liberty. One who is in custody in violation of constitutional laws of the United States is entitled to relief. In each trial from start to finish, the petitioner has been held in custody, not allowed to be free, but just to look like a guilty person. Which the jury did draw inferences/influence too, Because of the abuse of discretion by Judge Lasiter in earlier trial, which started these issues and placed the petitioner in jeopardy over and over again. Because of this, the petitioner is unable to receive a fair trial, causing new issues to be raised. (the physical imprisonment) There are other restraints on a man's liberty. The due process clause of the Fourteenth Amendment bars reprosecutions for the same offense. If such procedure is fundamentally unfair. Circumstances exist that render such process ineffective to protect the rights of the petitioner resulted in a decision that was contrary to, or, involved an unreasonable application of clearly established federal law. As determined by the United States Supreme Court. Petitioner is entitled to relief in Habeas Corpus and court is required to dispose of matter as law and justice require.

Date: 12-17-2007

Respectfully Submitted

David C. Brown

David C. Brown Pro-Se

**DECLARATION OF DAVID BROWN**

I, DAVID BROWN, do declare as follows:

1.) That I am the defendant in said action.

2.) That I make this declaration in support

3.) That I am over the age of 18 years.

I, DAVID BROWN, do declare that the forement 
ion is true and correct under penalty of perjury by the laws of the state of California.

Dated: 12-17-2007

Respectfully submitted,

[signature]

DAVID BROWN, Pro Se

**PRAYER FOR RELIEF**

I, David Brown, do pray as follow:

1. That the judgment in the matter, Case #SCD178177 in San Diego Superior Court is reversed/vacated.

2. That there is no further prosecution of petitioner/defendant David Brown.

3. That he application for O.R. recognizance release of the petitioner David Brown be granted.

4. That the petitioner be granted the same immunity as stated in Health and Safety Code §11367.

I, David Brown, do pray that the aforementioned is true and correct under the penalty of perjury by the laws of the state of California. Executed this 12-17 day of 2007 at Chino, California.

12-17-2007

Respectfully submitted,

[signature]

DAVID C. BROWN
In propria persona

# Exhibits A

BILL LOCKYER
Attorney General of the State of California
ROBERT R. ANDERSON
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
DOUGLAS P. DANZIG
Deputy Attorney General
KEVIN R. VIENNA
Deputy Attorney General
State Bar No. 186751
110 West "A" Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2198
Fax: (619) 645-2191
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID C. BROWN,** Petitioner, v. **J.S. WOODFORD, Director, et al.,** Respondent. | 05 CV 0061 IEG (PCL) **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** No Hearing Requested |

**INTRODUCTION**

Brown was convicted of drug offenses and sentenced in September 2004. His appeal currently is pending. Where the state courts have not yet ruled on his appeal, Brown's federal habeas petition is premature and must be dismissed.

**PROCEDURAL HISTORY**

The San Diego District Attorney charged Brown with three felony drug counts arising from Brown's sale of cocaine base to an undercover police officer. (Lodgment 1 (Clerks Transcript, hereinafter CT) at 1, 392.) Brown also was alleged to have suffered a previous strike conviction for the crime of assault with a deadly weapon, within the meaning of California's Three Strikes law.

DAVID C. BROWN
V55303
P.O. BOX 500 C.I.M. R.C.E.
CHINO, CA 91708-0500
IN PROPRIA PERSONA

FILED
SEP 14 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAVID BROWN
PETITIONER

VS

J.S. WOODFORD, DR. ETAL
RESPONDENT(S)

CASE # 05-CV-0061-IEG (PCL)

REQUEST FOR APPLICATION OF CERTIFICATE FOR APPEALABILITY WITH MEMORANDUM AND POINTS OF AUTHORITY OR FOR RECONSIDERATION OF WRIT

TO THE COURT, THE CLERK OF THE COURT, AND ALL PARTIES CONCERNED PETITIONER/MOVANT NOW MOVES THIS COURT FOR A REQUEST FOR APPLICATION OF CERTIFICATE FOR APPEALABILITY TO ENTER INTO THE 9TH CIRCUIT ON APPEAL

31

Filed 4/24/06 P. v. Brown CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br>Plaintiff and Respondent,<br>v.<br>DAVID CARLTON BROWN,<br>Defendant and Appellant. | D045453<br><br>(Super. Ct. No. SCD178177) |

APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge. Reversed and remanded.

This case illustrates some of the problems that can arise when a criminal defendant represents himself and engages in obstreperous behavior. In November 2003 the San Diego County District Attorney filed an information charging David Carlton Brown in count 1 with sale of cocaine base in violation of Health and Safety Code section 11352, subdivision (a), and in count 2 with possession of cocaine base for sale in violation of

**DAVID BROWN**
V-55303
**P.O. BOX 500 C.I.M. R.C.E.**
**CHINO, CA 91708**
**IN PROPERIA PERSONA**

**THE SUPERIOR COURT OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| **THE STATE OF CALIFORNIA**<br>**PLAINTIFF**<br><br>**VS.**<br><br>**DAVID BROWN**<br>**DEFENDANT** | **CASE# SCD178177**<br>NOTICE OF MOTION AND MOTION FOR APPLICATION FOR BAIL AND/OR RECOGNIZANCE RELEASE. UPON REVERSAL OF CONVICTION |

TO THE COURT, THE CLERK OF THE COURT, AND ALL PARTIES CONCERNED. NOW COME THE MOVANT FOR A REQUEST FOR APPLICATION FOR BAIL AND/OR RECOGNIZAN-ANCE RELEASE. UNDER BOTH UNITED STATES AND CALIFORNIA CONSTITUTION THE GRANTING OF BAIL OR O.R. RELEASE UPON A REVERSAL OF CONVICTION IF PROPER. THIS REQUEST IS BASED ON MOVANT'S APPLICATION, THE ATTACHED DECLARATION OF MOVANT, AND THE PLEADINGS AND RECORDS ON FILE IN THIS CASE.

**THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SAN DIEGO**

| IN THE MATTER OF THE APPLICATION OF: | HC 17755 – Third Petition<br>SCD 178177 |
| --- | --- |
| DAVID CARLTON BROWN, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner. | |

AFTER REVIEWING THE PETITION FOR WRIT OF HABEAS CORPUS AND THE COURT FILE IN THE ABOVE-REFERENCED MATTER, THE COURT FINDS AS FOLLOWS:

Petitioner was charged with one count of selling cocaine base, while having a prior conviction for sale of a controlled substance (Health & Safety Code §§ 11352(a), 1170.2(a)) and one count of possession / purchase of cocaine base for sale (Health & Safety Code §11351.5). At the first trial the jury deadlocked 11-1 in favor of a guilty verdict and a mistrial was declared. The jury in the second trial convicted Petitioner of the above-referenced charges on August 25, 2004, and he was sentenced to the total term of 11 years on September 23, 2004.

Although Petitioner filed a timely notice of appeal on November 17, 2004, he also filed numerous petitions with the San Diego Superior Court and various other courts before, during and after that date. On April 24, 2006, the Fourth District Court of Appeal reversed the judgment noted above and remanded for a new trial.

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
MAR 19 2007
Court of Appeal Fourth District

| In re DAVID BROWN<br><br>on<br><br>Habeas Corpus. | D049891<br><br>(San Diego County<br>Super. Ct. No. SCD 178177) |
|---|---|

THE COURT:

The petition for a writ of habeas corpus has been read and considered by Presiding Justice McConnell and Associate Justices Benke and Huffman.

David Brown contends his trial was unfair, there was juror misconduct and instructional error. Brown has a pending appeal from the judgment of conviction (D050139). His claims can be addressed on direct appeal.

The petition is denied.

Benke

BENKE, Acting P. J.

Copies to: All parties

**S150045**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re DAVID BROWN on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Dixon* (1953) 41 Cal.2d 756.)

SUPREME COURT
FILED

JUL 11 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk
AUG 30 2007
Court of Appeal Fourth District

| In re DAVID C. BROWN<br>on<br>Habeas Corpus. | D051427<br>(San Diego County<br>Super. Ct. No. SCD 178177) |
|---|---|

THE COURT:

The petition for writ of habeas corpus *In re David Brown* D051427, will be considered at the same time as the pending appeal, *People v. Brown* D050139.

McINTYRE, Acting P. J.

Copies to: All parties

COURT OF APPEAL - STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

DEC 03 2007

Court of Appeal Fourth District

In re DAVID CARLTON BROWN on Habeas Corpus.
**D051427**
**San Diego County No. SCD178177**

THE COURT:

Petitioner's unserved "Motion for an Order to Show Cause and Order for Consolidation" of D051427 (In re Brown on Habeas Corpus) and D050139 (People v. Brown) received on November 27, 2007, is DENIED. The clerk of the court is directed to forward a copy of the motion to appellant's counsel on appeal, John L. Staley.

Benke
Acting Presiding Justice

cc: All Parties

David C. Brown
F-55818
CIM MSF
POB 600
Chino, CA 91708-600

In propria persona

CALIFORNIA COURT OF APPEALS

FOURTH APPELLATE DISTRICT DIVISION I

| David C. Brown, Petitioner, vs. M.E. Poulos, Warden, et. al. Respondents. | CASE # D051427 NOTICE OF MOTION AND MOTION FOR "OR" RECOGNIZANCE RELEASE PENDING OUTCOME OF PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES |
| --- | --- |

TO THE HONORABLE COURT AND ALL CONCERNED PARTIES:

NOW COMES petitioner/movant, David C. Brown, to request for "OR" recognizance release pending outcome of proceedings:

//

//

TODAY'S L.A. TIMES

12-14-2007

exhibit

# Some kept in prisons too long

State miscalculation of credit for good behavior may affect thousands, corrections officials say.

By MICHAEL ROTHFELD
*Times Staff Writer*

SACRAMENTO — Up to 33,000 prisoners in California may be entitled to release earlier than scheduled because the state has miscalculated their sentences, corrections officials said Wednesday.

For nearly two years, the overburdened state prison agency has failed to recalculate the sentences of those inmates despite a series of court rulings, including one by the California Supreme Court. The judges said the state applied the wrong formula when crediting certain inmates for good behavior behind bars.

Some inmates released in recent months almost certainly stayed longer in prison than they should have, said corrections officials, employees and advocates for prisoners. Some currently in prison most likely should be free, they said. But many whose sentences are too long are not scheduled to be released for months or years.

The inmates in question — 19% of the state prison population — are serving consecutive sentences for violent and nonviolent offenses. The sentencing errors range from a few days to several years.

Corrections officials say they have been unable to calculate the sentences properly because of staffing shortages and outdated computer systems that force analysts to do the complex work by hand.

Keeping prisoners institutionalized for too long wastes millions of dollars a year. A preliminary analysis of the problem in August by the Department of Corrections and Rehabilitation concluded that the longer sentences boost the state's already swollen prison population by 600 inmates a day at a cost of nearly $26 million annually.

The state has about 173,000 prisoners and has undertaken the addition of 53,000 more beds because of overcrowding — a situation that has helped erode the state's shaky finances.

"This is another function of the overcrowding crisis," said Don Specter, director of the Prison Law Office, a Bay Area group that represents inmates in court. "They have to handle the number of prisoners who are in the system. They can't meet their medical or mental health needs. Now it appears that there is some reason to believe that they can't even calculate their release

[See Inmates, Page B8]

# Thousands may merit early release from state prisons

*Inmates from Page B1*

dates correctly.

Specter said prisoners who are kept too long would have grounds to sue the corrections department.

Scott Kernan, chief deputy secretary for adult prison operations, said the agency hopes to hire 85 more analysts to begin working on the problem. "We believe it's a problem," Kernan said. "We're taking it very seriously in a time of limited resources. . . . We have an obligation to go recalculate their sentences, and we're going to get the resources and we're going to do it."

Corrections officials said they plan to ask Gov. Arnold Schwarzenegger's administration next week for the additional personnel.

The corrections department had been taking 15% off sentences for good behavior — the standard for violent offenses — even when part of the term was for a nonviolent crime. But in three decisions in 2005 and 2006, state appeals courts and the state Supreme Court agreed with prisoners that they should have received a 50% credit — the standard for nonviolent crimes — on the nonviolent portion of their sentences.

In the most recent case, decided Jan. 12, 2006, the 5th District state Court of Appeal sided with prisoner Breonne Tate, who argued that his release date should have been about 10 months earlier than the state calculated. The judges agreed, and he was paroled Aug. 27, 2006.

Tate had been convicted in Los Angeles County in 2001 of attempted robbery using a firearm, receiving a 4 ½-year sentence for a violent felony. In 2003, he received two more years after pleading guilty to possession of a weapon in prison, considered a nonviolent crime.

But after the 5th District decision, corrections officials decided they would not immediately recalculate the sentences of all those eligible, according to prison case records analysts and the labor leaders who represent them in the Service Employees International Union Local 1000.

Instead, administrators instructed that only those prisoners who complained or obtained a court order would receive revised sentences, union officials said.

Kernan said he was not aware that such an instruction had been issued but added: "That would be a reasonable course of action," given the department's lack of resources.

The union filed a lawsuit Wednesday in Superior Court in Sacramento against the corrections department, Secretary James Tilton and Schwarzenegger. It accuses them of violating state and federal law by failing to fix the errors. The union called for the hiring of hundreds more case records analysts.

"The department chronically runs understaffed," Marc Bautista, a vice president of the union, said Wednesday. "It's just a lack of leadership."

In August, Tilton ordered a sampling of the 33,000 prisoners to determine the severity of the problem. The study indicated that, although some release dates might be off by only a few days, correcting the sentences would reduce the inmate population by 600 a day.

Kernan said the agency initially requested 67 more analyst positions in the summer of 2006 so the new sentence calculations could be made. But they were denied by Schwarzenegger's budget officials. H.D. Palmer, a spokesman for the Department of Finance, said the corrections agency was told to fill its existing vacancies first and given extra salary allotments.

Meanwhile, analysts say they are working hundreds of hours overtime. The state's 25-year-old computers cannot analyze the complex sentencing formulas created by a crazy quilt of laws passed by the Legislature and by voters through initiatives and modified by the courts.

Toni Garcia, a case records analyst at the Central California Women's Facility in Chowchilla, complained that the governor and the Legislature pass new laws spending billions on reforming the system when prison workers have to share desks and computers, and requests for staff are met with red tape.

"They're going to build all these facilities to help reform," Garcia said. "It's all great. But we need to fix the system the way it is now."

*michael.rothfeld@latimes.com*

AND www.PRISONLAW.com

Exhibit

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT OPERATIONS**
**CALIFORNIA INSTITUTION FOR MEN**
P.O. Box 128
Chino, CA 91708-0128

May 21, 2007

Mr. John L. Staley, Attorney at Law
11770 Bernardo Plaza Court, Suite 305
San Diego, CA 92128

Dear Mr. Staley:

This is in response to your letter dated May 2, 2007, regarding Inmate, David C. Brown, F-55818. In your letter you express concerns regarding the release date computation for Mr. Brown.

After a thorough review by California Institution for Men case records staff, it was determined that credit pursuant to Penal Code 2900.1 was not applied because sentencing documents received from the court did not indicate that this was a re-sentenced case. Upon review of previous CDC number V-55303, it was determined that Mr. Brown is entitled to credit for the time he spent in custody under the jurisdiction of the Department of Corrections from October 28, 2004 to August 14, 2006, and conduct credits for that period (786 days) were applied.

Case Records staff recalculated Mr. Brown's release date, which is now May 8, 2008.

I hope this information has proves helpful to you. If you have any questions regarding this information, please contact Mary James, Correctional Counselor III, at (909) 606-7081.

Sincerely,

CIM
JUL 31 2007

M. E. POULOS
Warden
California Institution for Men

CIM
JUL 20 2007

GO TO BACK OF THIS

STATE OF CALIFORNIA
GA-22 (9/92)

# INMATE REQUEST FOR INTERVIEW

DEPARTMENT OF CORRECTIONS

| DATE | TO | FROM (LAST NAME) | CDC NUMBER |
|---|---|---|---|
| 6-06-07 | APPEALS COORDINATOR | BROWN, DAVID | F55818 |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | JOB NUMBER |
|---|---|---|---|
| WD45 | 216U | PRE-RELEASE AIDE/CLERK | FROM N/A TO N/A |

| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | ASSIGNMENT HOURS |
|---|---|
| N/A | FROM N/A TO N/A |

**Clearly state your reason for requesting this interview.**
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I'VE SENT A 602 TO CASE RECORDS MANAGER "MR WILKERSON" REGARDING RECOMPUTATION OF CUSTODY CREDITS UNDER CCR 15 2525 2526 REQUEST FOR COMPUTATION REVIEW HEARING WITHIN 15 DAYS. IT'S PAST DUE" I HAVE NOT BEEN NOTIFY OF ANY DECISION WHY GET BACK TO ME

CIM 2 JUL 2007

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY

DATE

RECEIVED JUN 7 2007

DISPOSITION

THE INMATE SHALL BE NOTIFIED AT LEAST 24 HOURS PRIOR TO THE HEARING VIA THE CDC FORM 1032 (REV 12/86)

ALSO THE APPELLANT SHALL BE PROVIDED A COPY OF THE COMPUTATION REVIEW HEARING. ALSO HERE IS A COPY OF WHAT MY ATTORNEY HAS REQUESTED FROM THE WARDEN. PLEASE CALL HIM IF THERE IS FURTHER PROBLEMS.

THANK YOU
DAVID BROWN
F-55818
OR
V55303

8-23-2007

TO CHIEF, INMATE APPEALS
DIRECTOR OF CORRECTIONS

I HAVE PURSUE THESE ISSUES PROPERLY AND IN A TIMELY MANNER, BUT IF NOT FOR STAFF'S LACK OF COOPERATION, AND UN-RETURNED ORIGINAL 602 APPEALS. THIS WAS DONE ON PURPOSE BY STAFF TO DISMISS, REJECT, AND CANCEL ANY ATTEMPT TO CONTINUE PURSUE OF THESE ISSUES. UNDER C.D.C. # V 55303 INMATE BROWN WAS PATIENTLY WAITING FOR A DECISION OF A 602 APPEAL FILED (NEVER RE-TURNED). BUT UPON THE JUDGMENT OF HIS CONVICTION BEING REVERSED AND REMANDED BACK TO THE "COUNTY COURT". INMATE STAY MORE THAN FOUR MONTHS BEFORE RETURNING BACK TO THE C.D.C. UNDER A NEW NUMBER # F-55818. INMATE BROWN RESTARTED THE APPEAL. BUT STAFF MEMBER WILL NOT COOPERATE OR COULD NOT RE-SOLVE THE MATTER. JUST LIKE THE TIME RE-COMPUTATION OF CUSTODY CREDITS, INMATE BROWN IS OWNED MONEY FOR WORK UNDER OLD NUMBER # V 55303.

PLEASE RIGHT THIS WRONG!!

INMATE DAVID BROWN F-55818
[signature]

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED
JAN - 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254 1983
FILING FEE PAID
Yes ____ No ✓
IFP MOTION FILED
Yes ____ No
COPIES SENT TO
Court ✓ Pro Se

**I (a) PLAINTIFFS**

**David Carlton Brown**

**DEFENDANTS**

**Poulos, et al**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Bernardino
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**David Carlton Brown**
**PO Box 600**
**Chino, CA 91708**
**F-55818**

**ATTORNEYS (IF KNOWN)**

**'08 CV 0017 JM NLS**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28 U.S.C. 2254**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Eiectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury-Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☒ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc.
- ☐ Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 1/2/2008

~~SIGNATURE OF ATTORNEY OF RECORD~~

[signature]