David Brown

P.O. Box 600 C.I.M.-M.S.F.

Chino, Ca. 91708-0600

In Propria Persona

FILED

'2008 MAR -5 .PM 4:32

CLERK US DIST. CT COURT
SOUTHERN DISTRICT D. CALIFORNIA

BY _____ DEPUTY

NUNC PRO TUNC

FEB 29 2008

UNITED STATES DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Brown | Case # 08 cv0017-JM (NLS) |
| Petitioner | NOTICE OF MOTION AND MOTION |
| | TO REQUEST FOR O.R. RECOGNIZANCE |
| VS. | RELEASE PENDING OUTCOME OF HABEAS |
| | CORPUS PROCEEDINGS WITH |
| | MEMORANDUMS OF POINTS OF |
| M. E. Poulos (Warden) ET.AL; | AUTHORITIES |
| Respondents (s) | |

TO HONORABLE COURT, AND ALL PARTIES CONCERNED:

NOW COMES THE PETITIONER/MOVANT David Brown, TO

MOVE THE COURT FOR O.R. RECOGNIZANCE RELEASE PENDING

OUTCOME OF HABEAS CORPUS PROCEEDINGS.

1    In instances in which interpretation of statue is at issue, Court is

2    compelled to consider first the plain language of the enactment, according

3    a criminal defendant a benefit of construction most favorable to him if statue

4    is susceptible to more than on interpretation. Express language of Health

5    and Safety Code §11367 provides that such persons are immune from prosecution

6    under this division. See: People v. Brocklehurst (1971) 14 Cal. App. 3d 473

7    California  courts have adopted the rule that evidence obtained in violation

8    of constitutional guaranties are not admissible, out of regard for its own

9    dignity, and in the exercise of its power and the performance of its duty

10    to formulate and apply proper standards for the judicial enforcement of the

11    criminal law. The court refuses to enable officers  of the law to consummate

12    illegal or unjust scheme designed to foster rather than  prevent and detect

13    crime. "The function of enforcement officials is to investigate, not instigate

14    crime, to discover, not promote crime", the finding that the conviction of

15    the accused would  violate his constitutional rights to due process of law.

16    See: Patty v. Board of Medical Examiners (1973) 9 Cal. 3d.356; People v. McIntyre

17    (1990) 271 Cal. Rptr 467

18    (ON ENTRAPMENT)

19    If crime was suggested by another person, the defendant is not criminally

20    liable. Health and Safety Code §11367 provides immunity to any person working

21    under their immediate direction, supervision or instruction, are immune from

22    prosecution. Is this an misinterpretation of the statute?

23

24

25

26

27

28

The argument for the petitioner in substance is that
He is immune from prosecution by the actions of under cover
Officer MARTINEZ request for assistance in locating
narcotic, or, to help him find someone named "Anthony"
He stated sold narcotics to him earlier, or anyone
who deals narcotics. UNDER THE LAW and under UNITED
STATES CONSTITUTION "EQUAL PROTECTION OF THE LAW"
in the california  Penal Code book's Health and Safety Code
11367 states " In the performance of their duties, and
any person working under their immediate direction, or
instruction  ARE IMMUNE FROM PROSECUTION (EQUAL PROTECTION
OF THE LAW). BUT BECAUSE OF THE INTENTIONAL, INVIDIOUS
discrimination by the San Diego Police Department, the
District Attorney's Office, and the San Diego County Superior
Court are engaged in a deliberate systematic practice of
discriminatory enforcement of criminal law.
The petitioner now requests immunity from this form of
prosecution. Because the petitioner is clothed with the
same immunity as is the undercover Officer MARTINEZ
as his tool to help locate narcotics. If Officer
MARTINEZ is immune from prosecution, so is the petitioner
David Brown. "EQUAL PROTECTION OF THE LAW" by the same
Law under Health and Safety Code §11367.
O.R. Recognizance Release can be Granted pending
outcome of Habeas Corpus Proceedings

1    The Court may order the release of the petitioner/

2    movant pending Habeas Corpus petition determination.

3    See in RE Newbern (1960) 53 Cal. 2d 786. This request is

4    Based on movant's application. The attached declaration

5    of movant. Unless O.R. Release is not granted movant

6    is likely to incur irreparably harm. The fact that movant

7    has strong local family ties. Employement and is unlikely

8    to flee the Jurisdiction. (If Granted).

9        Accordingly a Hearing is proper, under both

10   California and United States Constitution.

11                 DECLARATION of David Brown

12   I, David Brown, do Declare under Penalty of Perjury

13   as follows:

14       1). That I am the Defendant in said action.

15       2). That I am currently incarcerated at the

16   California Institution for Men at Chino.

17       3). That I am not a flight risk because of

18   my strong family ties and great employement skills.

19   I, David Brown, do Declare that the aforementioned

20   is true and correct under Penalty of Perjury by

21   the Laws of the State of California

22   

23   DATE:    2-20-2008

24   

25   

26   

27   

28   

Respectfully submitted

David Brown F-55818

In Propria Persona

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

FILED
Stephen M. Kelly Clerk
FEB 1 1 2008
Court of Appeal Fourth District

| | |
|---|---|
| THE PEOPLE, | D050139 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD178177) |
| DAVID C. BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Frank A. Brown, Judge.  Affirmed as modified.

David C. Brown was found guilty of furnishing a controlled substance and possessing cocaine base for sale.  It was found true he suffered a prior conviction within the meaning of Health and Safety Code section 11370.2, subdivision (a), and a prior term of imprisonment within the meaning of Penal Code section 667.5, subdivision (b). Brown was sentenced to a prison term of six years.  He appeals, arguing the trial court

erred in denying his motions for mistrial and new trial, erred in allowing him to represent himself and committed sentencing error.

## FACTS

On October 15, 2003, San Diego Police Officer William Martinez was engaged in a "buy-bust" operation with his narcotics team. At approximately 7:00 p.m. he encountered appellant. The two talked. Eventually, appellant asked Martinez what he was doing in the area. The officer told appellant he was going for $50 worth of drugs. Appellant asked if Martinez was looking for rock cocaine or marijuana. Martinez said rock cocaine, and appellant stated he could assist him in getting drugs.

Using Martinez's cell phone, appellant called friends and arranged for a delivery of the drugs. The two men went to a second location where they were contacted by a third man in a car. The officer gave appellant two $20 bills and one $10 bill, the serial numbers of which had been recorded. Appellant got into the car with the third man. After five minutes, appellant returned and gave Martinez a baggie containing 3.96 grams of rock cocaine. Appellant had a $10 bill in his hand. Martinez left the area and gave a signal to arrest appellant.

An officer followed appellant, eventually making contact with him. Appellant was with a man and woman. The woman was found in possession of the $10 bill Martinez gave appellant for the drug purchase.

The man who provided appellant the drugs furnished to Martinez was placed under arrest. In his car officers found the cell phone appellant called before the sale.

Appellant's defense theory was entrapment.

2

DISCUSSION

A. *Motions for Mistrial and New Trial*

Appellant argues the trial court erred and denied him due process when it first denied his motion for mistrial and later his motion for new trial. Both motions related to the jury's discovery of his in-custody status.

1. *Background*

Appellant represented himself at trial. The morning after the prosecution rested its case, a short hearing was held out of the hearing of the jury and unrelated to the present issue. Then, after the jury was seated, appellant made a motion for mistrial, stating: "[J]urors have seen me in handcuffs, being shackled, being taken in custody."

The trial court asked the jurors collectively if any of them saw appellant in custody. When there were no affirmative responses, the court told the jury appellant was in custody. The court asked if that fact would affect any juror's ability to be fair. The court noted the jurors responded in the negative. The court denied appellant's motion to dismiss and appellant presented his defense.

After he was convicted, appellant, still acting in propria persona, filed a motion for new trial, arguing the trial court abused its discretion in denying his motion for mistrial. Appellant argued he was prejudiced when jurors saw him in a courthouse hall in chains and when the trial court informed the jury that appellant was in custody. Appellant offered no declaration supporting his claim that jurors saw him in shackles. The trial court denied the motion.

3

2. *Discussion*

Appellant revealed his custody status to the jury in an artless motion for new trial based on his claim jurors saw him being shackled. The trial court inquired of the jury and determined that in fact no juror saw appellant in custody.

A jury's discovery of a defendant's custody status, from whatever source, is to be avoided. Still, as our Supreme Court stated in *People v. Bradford* (1997) 15 Cal.4th 1229, 1336: "[A]n isolated comment that a defendant is in custody simply does not create the potential for the impairment of the presumption of innocence that might arise were such information *repeatedly* conveyed to the jury." The court noted that juries often legitimately learn of a defendant's custody status and are, nonetheless, provided fair trials. (*Ibid.*)

The mention of appellant's custody status in this case was fleeting and occurred after appellant himself made a motion indicating the jury saw him in custody. The trial court could not address appellant's motion without inquiry of the jurors. It kept its mention at a minimum and in a brief but adequate fashion inquired if appellant's custody status would affect any juror's ability to be fair. When no juror stated that it would, the trial moved on. Appellant could not possibly have been prejudiced by the brief revelation he was in custody. (See *People v. Bradford, supra,* 15 Cal.4th at p. 1336.)

The trial court acted properly in denying appellant's motions for mistrial and new trial.

4

B. *Self-Representation*

Asserting his federal constitutional right to do so, appellant waived his right to counsel and represented himself at trial. Appellant now argues the United States Supreme Court's opinion in *Faretta v. California* (1975) 422 U.S. 806, 818 [95 S.Ct. 2525], was poorly reasoned and should be overturned. Appellant recognizes this court has no power to do so and states he merely makes the contention to preserve it for consideration in the federal system. Based on the authority of *Faretta,* the trial court acted properly in allowing appellant to waive his right to counsel and represent himself.

C. *Prior Prison Term Enhancement*

The jury found true the allegation appellant served a prior term of imprisonment within the meaning of section 667.5, subdivision (b). The trial court imposed but stayed the one-year term required by that finding. The parties agree this was error and resulted in an unauthorized sentence because while the enhancement can be stricken, it cannot lawfully be stayed. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) They differ, however, on the remedy. Appellant argues it is clear the trial court did not intend to impose the prior prison term enhancement, that it concluded, and gave multiple reasons for so concluding, that a proper sentence was six years, i.e., the lower term on count one, doubled because of appellant's strike prior and unenhanced by the prison prior finding. The Attorney General argues the matter should be remanded for the trial court to clearly impose or strike the enhancement.

At sentencing, the trial court indicated its intent that appellant's term not include time based on the prior prison term finding. The trial court first stated it would strike the

5

section 667.5, subdivision (b), finding.  It asked the prosecutor if she agreed that the court

had the power to do so.  The prosecutor's response was equivocal.  The court then asked

if it could stay the enhancement.  The prosecutor did not respond.  In rendering its

judgment, the trial court stayed the enhancement.

 The trial court must provide a rationale for using its discretion to strike a

mandatory prison prior.  (*People v. Jordan* (2003) 108 Cal.App.4th 349, 368.)  Here, the

trial court listed a number of reasons for mitigating appellant's term.  However, the trial

court erred in concluding with regard to the enhancement that it was proper to stay rather

than strike it.  Since the trial court's intention is clear and since it stated multiple reasons

for imposing a term of six years, it would be a pointless and a wasteful exercise to

remand this case for resentencing.  The abstract of judgment is ordered modified by

deletion of any reference to the section 667.5, subdivision (b), finding.  (See *People v.*

*Coelho* (2001) 89 Cal.App.4th 861, 889-890.)

DISPOSITION

 The abstract of judgment is ordered modified by deletion of any reference to the

section 667.5, subdivision (b), finding.  In all other respects the judgment is affirmed.

                                                            BENKE, J.

WE CONCUR:

                  McCONNELL, P. J.

                  IRION, J.