UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BROWN,<br><br>　　　　　　Petitioner,<br>v.<br><br>M.E. POULOS, Warden,<br><br>　　　　　　Respondent. | Civil No.08cv17 JM (NLS)<br><br>**ORDER DENYING MOTION FOR RECOGNIZANCE RELEASE PENDING OUTCOME OF HABEAS CORPUS PROCEEDINGS**<br><br>[Doc. No. 10] |

Petitioner filed his habeas petition on January 2, 2008. On February 29, the Court sent out an order requiring Respondent to file either a motion to dismiss or an answer to the petition. Petitioner filed this motion for recognizance release pending the outcome of his habeas petition on March 5, 2008.

The Ninth Circuit has not specifically resolved the issue of whether a district court has authority to release a state prisoner pending resolution of his or her habeas proceedings. *In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). Even though it has not resolved that issue, the Court has determined that if a district court could release a state prisoner on bail, the prisoner would have to demonstrate that his or her case is "an 'extraordinary case[]involving special circumstances or a high probability of success.'" *Id.* (quoting *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989)). Examples of special circumstances include where the sentence is "so short that if bail were denied and the habeas petition ultimately granted the petitioner would have already serve[d] the sentence." *Souliere v. Edwards*, 2006 U.S. Dist. LEXIS 76657, *3 (D. Ariz. 2006) (citing *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992)). Another example is "when a petitioner suffers a serious deterioration of health while incarcerated and there was

1  an unusual delay of the appeals process." *Souliere*, 2006 U.S. Dist. LEXIS 76657 at *3 (citing *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1987)). Further, a Court must consider the petitioner's risk of flight and the danger to the community should the prisoner be released. *Mebrhato Tsehai v. Schwarte*, 2006 U.S. Dist. LEXIS 68111, *2 (E.D. Cal. 2006) (citing *Marino v. Vasquez*, 812 F.2d 499, 508-509 (9th Cir. 1987)).

Here, Petitioner argues he will prevail on his habeas petition because he is immune from prosecution under the theory of entrapment by the under cover officer. He also argues that if the undercover officer is immune from prosecution for selling narcotics, then Petitioner, too, should be immune from prosecution for selling narcotics. In further support of his motion Petitioner says that he is not a flight risk because of his family ties and great employment skills.

This Court finds that Petitioner has not set forth any facts that demonstrate his case is extraordinary. He makes no showing of any special circumstances. While the Court has not examined the merits of the petition or a response to it, it finds that Petitioner's initial argument that he is immune from prosecution does not indicate a high probability of success on the petition. Finally, Petitioner's general statement regarding flight risk and employment is not persuasive concerning his actual risk of flight or the possibility that he is a danger to the community. For these reasons, the Court **DENIES** Petitioner's motion for recognizance release pending the outcome of his habeas petition.

**IT IS SO ORDERED.**

DATED: March 12, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge