1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  GARY W. SCHONS
   Senior Assistant Attorney General
3  PETER QUON, JR.
   Supervising Deputy Attorney General
4  STEPHANIE H. CHOW, State Bar No. 240390
   Deputy Attorney General
5   110 West A Street, Suite 1100
    San Diego, CA 92101
6   P.O. Box 85266
    San Diego, CA 92186-5266
7   Telephone: (619) 645-2077
    Fax: (619) 645-2581
8   Email: Stephanie.Chow@doj.ca.gov

9  Attorneys for Respondent M.E. Poulos, Warden, et al.

10              IN THE UNITED STATES DISTRICT COURT

11              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

13  DAVID CARLTON BROWN,                    08CV0017 JM (NLS)

14                          Petitioner,     MEMORANDUM OF POINTS
                                            AND AUTHORITIES IN
15          v.                              SUPPORT OF MOTION TO
                                            DISMISS PETITION FOR
16  M. E. POULOS, WARDEN,                   WRIT OF HABEAS CORPUS

17                          Respondent.     Date:
                                            Time:
18                                          Courtroom:
                                            Mag. Judge: Hon. Nita L. Stormes
19

20                      **STATEMENT OF THE CASE**

21      On November 2, 2006, a San Diego County Superior Court jury found Petitioner guilty of

22  furnishing a controlled substance (Health & Saf. Code, § 11352, subd. (a)) and possessing cocaine

23  base for sale (Health & Saf. Code, § 11351.5). (Lodgment 1 (Clerk's Transcript (CT) at 191-192.)

24  The jury found true Petitioner's prior conviction for selling or furnishing a controlled substance

25  (Health & Saf. Code, § 11352), and that he had a prior conviction and served a prison term less than

26  five years prior for assault with a deadly weapon likely to produce great bodily injury (Pen. Code,

27  § 245, subd. (a)(1)). (Lodgment 1 at 189-190.)

28  ///

1  On December 5, 2006, the trial court sentenced him to six years in prison. (Lodgment 1 at 165-166). On January 8, 2006, Petitioner filed a notice of appeal. (Lodgment 1 at 167.)

In his appeal, Petitioner raised three claims, one of which he raises as one of four issues in the current Petition: (1) the trial court erred by denying his motions for mistrial and later for new trial because he revealed his own custody status to the jury; (2) the trial court erred by permitting him to assert his right to self-representation at trial because *Faretta v. California*, 422 U.S. 806, 818, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), was a poorly reasoned decision and should be overturned; and (3) the trial court erred by staying his prior prison enhancement rather than striking it. (Lodgment 3 (appellant's opening brief).)

On February 11, 2008, in a six-page opinion, the California Court of Appeal denied the first two claims, but the granted relief on the remaining claim and ordered the abstract of judgment modified to strike the prior prison enhancement. (Lodgment 6.)

Petitioner sought further direct review from the California Supreme Court on the remaining two claims, and his Petition for Review is currently pending before that court. (Lodgment 7; Lodgment 8.)

Additionally, he filed a Petition for Writ of Habeas Corpus in the California Court of Appeal, which was consolidated with his direct appeal. (Lodgment 9; Lodgment 10.) On February 15, 2008, the Court of Appeal denied his petition. (Lodgment 11.)

Petitioner has also filed three Petitions for Writ of Habeas Corpus in the California Supreme Court, two of which are currently pending. On February 6, 2007, during the pendency of his direct appeal, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court, case number S150045. (Lodgment 12.) On July 11, 2007, that court denied his petition, citing *In re Dixon*, 41 Cal.2d 756 (1953). (Lodgment 13.) On November 11, 2007, Brown filed a another petition in the California Supreme Court, case number S157848, which is currently pending. (Lodgment 14.) On December 24, 2007, Brown filed yet another petition in ///
the California Supreme Court, case number S159365, which is also currently pending in that court. (Lodgment 15.)

///

1 | Brown filed the Petition currently pending in this Court on January 2, 2008.

2 | **STATEMENT OF FACTS**[1]

On October 15, 2003, San Diego Police Officer William Martinez was engaged in a "buy-bust" operation with his narcotics team. At approximately 7:00 p.m. he encountered appellant. The two talked. Eventually, appellant asked Martinez what he was doing in the area. The officer told appellant he was going for $50 worth of drugs. Appellant asked if Martinez was looking for rock cocaine or marijuana. Martinez said rock cocaine, and appellant stated he could assist him in getting drugs.

Using Martinez's cell phone, appellant called friends and arranged for a delivery of the drugs. The two men went to a second location where they were contacted by a third man in a car. The officer gave appellant two $20 bills and one $10 bill, the serial numbers of which had been recorded. Appellant got into the car with the third man. After five minutes, appellant returned and gave Martinez a baggie containing 3.96 grams of rock cocaine. Appellant had a $10 bill in his hand. Martinez left the area and gave a signal to arrest appellant.

An officer followed appellant, eventually making contact with him. Appellant was with a man and woman. The woman was found in possession of the $10 bill Martinez gave appellant for the drug purchase.

The man who provided appellant the drugs furnished to Martinez was placed under arrest. In his car officers found the cell phone appellant called before the sale.

Appellant's defense theory was entrapment.

///
///
///
///

---

1. This statement is taken verbatim from the unpublished opinion of the California Court of Appeal, case number D050139. (Lodgment 6 (*People v. Brown*, 2008 WL 353215, Cal.App. 4 Dist., 2008).) Additional detail regarding the crime and the evidence at trial, with references to the trial record, may be found in the pleadings from direct appeal. (Lodgment 3 (appellant's opening brief); Lodgment 4 (respondent's brief).)

# ARGUMENT

## I.

## THE CASE SHOULD BE DISMISSED UNDER THE ABSTENTION DOCTRINE

Federal habeas corpus is generally not available to review issues that are currently pending in a state trial court. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (citing *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1970)). Unless there are unusual circumstances, federal courts should refrain from interfering with state-court trials. *See Santamaria v. Horsely*, 133 F.3d 1242, 1243-44 (9th Cir. 1998) (en banc) (regarding Double Jeopardy claim), amended by 138 F.3d 1280; *Phillips v. Vasquez*, 56 F.3d 1030, 1035-36 (9th Cir. 1995) (holding that a fifteen-year delay in a capital case's penalty-phase retrial permitted federal review of the underlying guilt-phase conviction).

The abstention doctrine also applies when a federal habeas petitioner has a request for relief pending in a state appellate court. In *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983), the Ninth Circuit explained that when "an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been fully settled in the state courts." *Id.* at 634. This is so because the state court decision may moot the federal question. *Id.*; *see also Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). When a case falls within the proscription of *Younger*, a district court must dismiss the federal action. *Roberts v. DiCarlo*, 296 F. Supp. 2d 1182, 1185 (2003) (citing *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987)).

Petitioner has a Petition for Review and two Petitions for Writ of Habeas Corpus pending in the California Supreme Court. (Lodgment 7; Lodgment 8; Lodgment 14; Lodgment 15.) Since

///
///
///
///

1 | Petitioner is still challenging his conviction in the state courts, this Court should dismiss the
2 | current Petition on the basis of abstention.[2/]

### CONCLUSION

For the preceding reasons, Respondent respectfully requests:

1. The underlying petition for federal habeas relief be denied without prejudice; and

2. For any other relief as the Court deems proper.

Dated:  April 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

GARY W. SCHONS
Senior Assistant Attorney General

PETER QUON, JR.
Supervising Deputy Attorney General

/s/ STEPHANIE H. CHOW

STEPHANIE H. CHOW
Deputy Attorney General

Attorneys for Respondent

70120075.wpd
SD2008800562

---

2. Because there have not been final outcomes regarding Brown pending petitions, it is difficult to ascertain at this time whether each of his claims have been exhausted, or will become exhausted. An initial review of Brown's pending petitions in the state supreme court indicate that only Claim One in his current Petition before this Court has been presented to the state courts. Respondent requests to reserve the opportunity to address the issue of exhaustion once Brown's pending petitions in the state courts become final. However, the abstention doctrine permits this Court to resolve the current case at this time.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Brown v. Poulos**

No.:  **08CV0017 JM (NLS)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266.

On <u>April 9, 2008</u>, I served the attached **NOTICE OF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS,** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

David C. Brown
P.O. Box 600
California Institute for Men
Chino, CA 91708-0600

*pro-per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 9, 2008, at San Diego, California.

B. Trigueros
_____
Declarant

B. Trigueros (signature)
_____
Signature

70120154.wpd