DAVID BROWN

F-55818

P.O. BOX 600 CIM/MSF

CHINO, CA. 91708-0600

IN PROPRIA PERSONA

FILED

2008 MAY -7 PM 3:49

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BROWN<br><br>PETITIONER<br><br>VS.<br><br>M.E. POULOS (WARDEN) ET. AL;<br>RESPONDENT(S) | CASE # 08 CV0017 JM (NLS)<br><br>TRAVERSE<br><br>TO THE RETURN TO PETITION<br><br>WRIT OF HABEAS CORPUS |

TO THE HONORABLE PRESIDING JUSTICE AND ALL PARTIES CONCERNED: THE PETITIONER DAVID BROWN, NOW COMES TO MOVE FOR AN TRAVERSE/DENIAL TO THE ANSWER BY RESPONDENT (S) AS FOLLOWS:

TABLE OF CASES

1. HERBERT V. LOUISIANA (1926) 272 U.S. 312, 47 S. CT. 103. GONZALEZ V. CROSBY (2005) 545 U.S. 524. CALDERON V. THOMPSON (1998) 523 U.S. 538,

2. SCHLUP V. DELO (1995) 513 U.S. 298

3. HERRERA V. COLLINS (1993) 506 U.S. 390

4. SAWYER V. WHITLEY (1992) 505 U.S. 333

5. MURRAY V. CARRIER (1986) 477 U.S. 436

6. FAY V. NOIA (1963) 372 U.S. 391

7. GOMEZ V. SUPERIOR COURT (1958) 50 CAL. 2D 640, 644

8. PEOPLE V. SHUEY (1975) 13 CAL. 3D 835

9. PEOPLE V. BROCKLEHURST (1971) 14 CAL. APP. 3D 473

10. PATTY V. BOARD OF MEDICAL EXAMINERS (1973) 9 CAL. 3D 356

11. PEOPLE V. MCINTYRE (1990) 271 CAL. RPTR. 467

12. NAYLOR V. SUPERIOR COURT OF ARIZONA (9TH CIR. 1977) 558 F. 2D 1363

13. NORTH CAROLINA V. RICE (1971) 404 U.S. 244, 246

14. U.S. V. GONZALES (9TH CIR. 1976) 539 F. 2D 1238

15. U.S. V. RYAN (1976) 548 F. 2D 782

16. TOWNSEND V. SAIN (1963) 372 U.S. 293, 313

## ADMITS OR DENIAL TO CLAIMS

1). ADMITS TO QUESTIONS/CLAIMS OF SUCCESSIVE PETITION.

2). ADMITS THAT THE PETITION CAN PASS THROUGH THE GATEWAY.

3). DENIAL TO ANY CLAIMS THAT THE PETITION IS WITHOUT MERIT.

4). ADMITS THAT THIS IS AN EXTRAORDINARY CASE AND IS DESERVING OF CONSIDERATION.

5). ALSO BECAUSE PETITIONER IS UNCLEAR AS TO ANY MOOTNESS THAT WOULD BAR CONSIDERATION. BUT PETITIONER NOW AFFIRMATIVELY ALLEGES THAT SOME FORM OF COLLATERAL CONSEQUENCES WILL OCCUR. THE PROBLEM IS RESTRICTION FROM CERTAIN AID/RELIEF, JOBS IN CERTAIN BUSINESS FROM HIS RELEASE FROM PRISON/CONVICTION.

6). ADMITS THAT A FEDERAL COURT MUST GRANT AN EVIDENTIARY HEARING UNDER CERTAIN CIRCUMSTANCES.

7). ADMITS THAT A CONVICTION CANNOT STAND IF EVEN A SINGLE JUROR HAS BEEN IMPROPERLY INFLUENCED.

8). ADMITS THAT A COURT MAY EXERCISE ITS SUPERVISORY POWERS TO DISMISS INFORMATION TO REMEDY CONSTITUTIONAL OR STATUTORY VIOLATION, (EQUAL PROTECTION OF THE LAW) IN AN "ACTION MALUM IN SE"

9). RESPONDENT'S RETURN IN UNTRUE BECAUSE IT ALLEGE THAT PETITIONERS CUSTODY IS LAWFUL AND PROPER.

THE ENDS OF JUSTICE WOULD BE BEST SERVED BY RELITIGATING OF CLAIMS.

THE ENDS OF JUSTICE REQUIRED RECONSIDERED OF THIS PETITION FOR HABEAS CORPUS, CONVENTIONAL NOTICE OF FINALITY OF LITIGATION HAVE NO PLACE WHERE LIFE OR LIBERTY IS AT STAKE AND INFRINGEMENT OF CONSTITUTIONAL RIGHTS IS ALLEGED. SINCE 1867, WHEN CONGRESS FIRST AUTHORIZED THE FEDERAL COURTS TO ISSUE THE WRIT ON BEHALF OF PERSONS IN STATE CUSTODY. HERE'S A (QUOTE PER JUSTICE POWELL, WITH TWO JUSTICES, AND THE CHIEF JUSTICE CONCURRING). FEDERAL COURT SHOULD CONSIDER THE ENDS OF JUSTICE BEFORE DISMISSING SUCCESSIVE HABEAS CORPUS PETITION AS A MEANS OF IDENTIFYING THE RARE CASE IN WHICH THE COURT SHOULD EXERCISE ITS DISCRETION TO HEAR A SUCCESSIVE PETITION:

HOWEVER, SINCE HABEAS CORPUS IS AT ITS CORE AN EQUITABLE REMEDY, A COURT MUST ADJUDICATE EVEN SUCCESSIVE CLAIMS WHEN REQUIRED TO DO SO BY THE ENDS OF JUSTICE. THE COURT MAY FIND A EXCEPTION FOR FUNDAMENTAL MISCARRIAGE OF JUSTICE. EXCEPTION IS "RARE" AND CAN BE APPLIED IN "EXTRAORDINARY CASE" AND TO EXTENDED TO THOSE WHO ARE TRULY DESERVING. THE PETITIONER HAS THE RIGHT UNDER THE LAW OF THE STATE TO RAISE, BY ANY AVAILABLE PROCEDURE, TO DEVELOP THE FACTUAL BASIS OF A CLAIM AND IF PASSES THE BURDEN OF REBUTTING THE PRESUMPTION OF CORRECTNESS THE CLAIM RELIES ON. THE COURT MAY CALL FOR EVIDENTIARY HEARING ON THE CLAIM. THAT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE. BUT FOR THE CONSTITUTIONAL ERROR, NO REASONABLE FACTFINDER WOULD HAVE FOUND HIM GUILTY. THE PROBLEM BEING IS A DEFENSE REGARDING "EXTRAORDINARY CIRCUMSTANCES" "ENTRAPMENT" AND KNOWLEDGE OF CUSTODY OF ONE WHO IS TO BE REGARDED AS INNOCENCE UNTIL PROVEN GUILTY, AND NOT GUILTY BEFORE PROVEN INNOCENT. IN THAT LIGHT A FACTFINDER WOULD BE INFLUENCED BY THE PHYSICAL IMPRISONMENT/RESTRAINTS ON THE DEFENDANT AND WOULD RENDER SUCH PROCESS INEFFECTIVE TO PROTECT THE RIGHTS OF THE PETITIONER CAUSING THE PROCEDURE TO BE FUNDAMENTALLY UNFAIR. THERE ARE TWO STANDARD, ONE IS UNDER CARRIER, THE OTHER UNDER SAWYER. THE PETITIONER FALL UNDER BOTH "ACTUAL INNOCENCE" AND "MISCARRIAGE OF JUSTICE" BY CONSTITUTIONAL ERROR.

## EXTRAORDINARY CIRCUMSTANCES

### EXCEPTION RELEVANT TO WATERSHED RULES

### CRIMINAL PROCEDURE IMPLICATING FUNDAMENTAL

### FAIRNESS AND ACCURACY OF THE CRIMINAL PROCEEDING

FIRST IS THE QUESTION OF THE FUNDAMENTAL FAIRNESS AND ACCURACY OF THE CRIMINAL PROCEEDING WHICH MUST MEET THESE TWO REQUIREMENTS. ANY INFRINGEMENT OF THE RULE MUST SERIOUSLY DIMINISH THE LIKELIHOOD OF OBTAINING AN "ACCURATE CONVICTION" AND THE RULE MUST ALTER THE COURTS UNDERSTANDING OF THE "BEDROCK" PROCEDURAL ELEMENT ESSENTIAL TO THE FAIRNESS OF A PROCEEDING.

HERE BECAUSE OF THE PHYSICAL RESTRAINTS ON A MANS LIBERTY, WHICH CAUSE THE JURY TO DRAW INFERENCES/INFLUENCE TOO. CAUSING THE DEFENDANT TO RECEIVE AN UNFAIR TRIAL. THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT BARS REPROSECUTION FOR THE SAME OFFENSE. IF SUCH PROCEDURE IS FUNDAMENTALLY UNFAIR. ALSO THE DEFENDANT WAS REFUSED LEAVE TO ENTER THE PLEA OF FORMER JEOPARDY BY "JUDGE LASATER" WHO ATTACK THE PETITIONER'S CHARACTER TO HIS OBJECTIONS TO CONSENT TO MISTRIAL. THE STATE WITH ALL ITS RESOURCES AND POWER SHOULD NOT BE ALLOWED TO MAKE REPEATED ATTEMPTS TO CONVICT AN INDIVIDUAL FOR AN ALLEGED OFFENSE, THEREBY SUBJECTING HIM TO EMBARRASSMENT, AND COMPELLING HIM TO LIVE IN A CONTINUING STATE OF ANXIETY AND INSECURITY, EVEN THOUGH INNOCENT HE MAY BE FOUND GUILTY. BECAUSE OF "EXTRAORDINARY" "CIRCUMSTANCE" SURROUNDING A ENTRAPMENT DEFENSE, AND JURY CAN BE MISLEAD BY SEEING A DEFENDANT IN CUSTODY/DRAW INFLUENCE.. THE DEFENDANT HAS PROVEN THAT THE CRIME WAS SUGGESTED BY THE UNDERCOVER OFFICER MARTINEZ. THE DEFENDANT IS NOT CRIMINALLY LIABLE BY THE LAW. SEE PATTY V. BOARD OF MEDICAL EXAMINERS (1973) 9 CAL. 3D 356, ALSO SEE PEOPLE V. MCINTYRE (1990) 271 CAL. RPTR 467.

EQUAL PROTECTION COMPONENT OF DUE PROCESS CLAUSE IMPOSES CONSTITUTIONAL CONSTRAINTS ON PROSECUTOR'S DISCRETION.

BUT BECAUSE OF THE INTENTIONAL, INVIDIOUS, DISCRIMINATION BY THE SAN DIEGO POLICE DEPARTMENT, THE DISTRICT ATTORNEY'S OFFICE AND THE SAN DIEGO COUNTY SUPERIOR COURT ARE ENGAGED IN A DELIBERATE SYSTEMATIC PRACTICE OF DISCRIMINATORY ENFORCEMENT OF CRIMINAL LAW.

## CONCLUSION

A FEDERAL COURT MUST GRANT AN EVIDENTIARY HEARING TO A HABEAS CORPUS APPLICANT UNDER THE FOLLOWING CIRCUMSTANCES:

1). THE MERITS OF THE FACTUAL DISPUTE WERE NOT RESOLVED IN THE STATE HEARING.

2). THE STATE FACTUAL DETERMINATION IS NOT FAIRLY SUPPORTED BY THE RECORD AS A WHOLE.

3). THE FACTFINDING PROCEDURE EMPLOYED BY THE STATE COURT WAS NOT ADEQUATE TO AFFORD A FULL AND FAIR HEARING.

4). THERE IS A SUBSTANTIAL ALLEGATION OF NEWLY DISCOVERED EVIDENCE.

5). THE MATERIAL FACTS WERE NOT ADEQUATELY DEVELOPED AT STATE COURT HEARING.

6). FOR ANY REASON IT APPEARS THAT THE STATE TRIER OF FACT DID NOT AFFORD THE HABEAS APPLICANT A FULL AND FAIR FACTFINDING HEARING.

AND IN THE PRESUMPTION OF CORRECTNESS THE APPLICANT DID NOT RECEIVE A FULL, FAIR AND ADEQUATE HEARING IN THE STATE COURT PROCEEDING AND WAS DENIED DUE PROCESS OF LAW IN THE STATE COURT PROCEEDING. TOWNSEND VS. SAIN (1963) 373, U.S. 293, 313

IF OFFICER MARTINEZ IS IMMUNE FROM PROSECUTION SO IS THE PETITIONER DAVID BROWN UNDER THE (EQUAL PROTECTION OF THE LAW BY THE UNITED STATES CONSTITUTION).

DECLARATION OF DAVID BROWN

1  I, DAVID C. BROWN, DO DECLARE AS FOLLOWS:

2  1). THAT I AM THE DEFENDANT/PETITIONER IN SAID ACTION.

3  2). THAT I AM OVER THE AGE OF 18 YEARS.

4  3). THAT I MAKE THIS DECLARATION IN SUPPORT OF TRAVERSE

7  I, DAVID BROWN, DO DECLARE THAT THE AFOREMENTIONED IS TRUE AND CORRECT UNDER PENALTY
8  OF PERJURY BY THE LAWS OF THE STATE OF CALIFORNIA

11  DATE: 5-04-2008          RESPECTFULLY SUBMITTED

                              *[signature]*
13                            DAVID BROWN
14                            IN PROPRIA PERSONA

## CALIFORNIA INSTITUTION FOR MEN
### PROOF OF SERVICE BY MAIL
(C.C.P. §1013a; §2015.5; Fed.R.Civ.P. 5; 28 U.S.C. 1746)

I am over the age of eighteen years, a citizen of the United States, a resident of the State of California, **(A)** and / and not a party to the within action. My mailing address is: P.O. BOX 600, CHINO, CA 91708-0600.

On the following date: **(B)** _DAVID BROWN  5-04-08_, I served the following document(s): **(C)**

① TRAVERSE TO THE RETURN

On the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, addressed as follows to the following parties: **(D)**

U.S. DISTRICT COURT (SOUTHERN DISTRICT) 880 FRONT ST. RM #4290
SAN DIEGO, CA. 92101

OFFICE OF ATTORNEY GENERAL
110 WEST "A" STREET, STE #1100
P.O. BOX 85266
SAN DIEGO, CA. 92186-5266

I am readily familiar with the normal business practices for collection and processing of correspondence and other materials for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, in a sealed envelope with postage fully prepaid, it is deposited in a box so provided at the correctional institution in which I am presently confined.

I certify (or declare) under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**(E)** Name: _DAVID BROWN_  CDCR#: _F55818_

Signed: _David L Brown_  Dated: _5-04-2008_

---

**CIM MAILROOM ACKNOWLEDGEMENT OF MAILING**

DATED: _5/5/08_  STAFF: _Cm_

SIGNED: _____