# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BROWN, | Civil No.08cv17 JM (NLS) |
| Petitioner, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| M.E. POULOS, Warden, | [Doc. No. 14] |
| Respondent. | |

Petitioner Darrell Tittle, a state prisoner proceeding *pro se*, filed a habeas petition contesting his confinement. The Court sent out an order requiring a response to the petition. [Doc. No. 7.] Now Petitioner seeks to appoint counsel. [Doc. No. 14.] Petitioner argues that the Court should appoint counsel because (1) the issues in this case are particularly complex; (2) and Petitioner is financially unable to obtain adequate representation. The Court has considered Petitioner's request and **DENIES** without prejudice his motion to appoint counsel.

**Right to Counsel.**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). But financially eligible habeas petitioners may obtain counsel whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. *Terrovona*, 912 F.2d at 1177; *Knaubert*, 791 F.2d at 728. When no evidentiary

1  hearing is necessary, appointment of counsel is discretionary. *Id.* In the Ninth Circuit, indigent
2  prisoners are not entitled to appointed counsel unless counsel is necessary to prevent due process
3  violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29.
4      Here, Petitioner has sufficiently represented himself to date. From the face of the petition, it
5  appears that Petitioner has a good grasp of this case and the legal issues involved. At this point the
6  issues do not appear so complex such that Petitioner cannot litigate them. Also, it is not evident that this
7  time that an evidentiary hearing is necessary. Under these circumstances, a district court does not abuse
8  its discretion in denying a state prisoner's request for appointment of counsel. *See LaMere v. Risley*,
9  827 F.2d 622, 626 (9th Cir. 1987).
10  **Petitions Filed by *Pro Se* Litigants.**
11      Federal courts highly protect a pro se petitioner's rights. *Knaubert*, 791 F.2d at 729 (citation
12  omitted). The court must construe a pro se petition more liberally than a petition drafted by counsel. *Id.*
13  It must also "scrutinize the state court record independently to determine whether the state court
14  procedures and findings were sufficient." *Id.* Even if the court accepts a state court's factual findings, it
15  must draw its own legal conclusion regarding the legality of the incarceration. *Id.* The appellate court
16  will review the district court's conclusion de novo. *Id.*
17      The Court acknowledges that counsel can provide valuable assistance: "An attorney may narrow
18  the issues and elicit relevant information from his or her client. An attorney may highlight the record
19  and present to the court a reasoned analysis of the controlling law." *Knaubert*, 791 F.2d at 729. The
20  Court, however, also notes that "unless an evidentiary hearing is held, an attorney's skill in developing
21  and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court
22  record alone." *Id.*
23      This Court will review the state court record independently, draw its own legal conclusion and
24  inform itself of the relevant law. Therefore, the additional assistance counsel could provide, while
25  significant, is not compelling. Also, Petitioner has already sufficiently pleaded his claims, warranting
26  this Court's order directing Respondent to file an answer or other responsive pleading. The Court finds
27  that Petitioner, at this point, is capable to litigate the claims in his habeas petition.
28      Here, the "interests of justice" do not compel the appointment of counsel. Accordingly,

1 | Petitioner's request for appointment of counsel is **DENIED** without prejudice.

2 |     **IT IS SO ORDERED.**

3 | DATED: May 13, 2008

4

5 | Hon. Nita L. Stormes
U.S. Magistrate Judge