1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10
11  DAVID BROWN,                                )    Civil No.08cv17 JM (NLS)
                                                )
12                        Petitioner,           )    **REPORT AND RECOMMENDATION**
    v.                                          )    **FOR ORDER DENYING MOTION TO**
                                                )    **DISMISS WITHOUT PREJUDICE AND**
13  M.E. POULOS, Warden,                        )    **GIVING NOTICE REGARDING**
                                                )    **POSSIBLE DISMISSAL OF PETITION**
14                        Respondent.           )    **FOR FAILURE TO EXHAUST STATE**
    ────────────────────────────────────────   )    **COURT REMEDIES**
15                                              )

16          Respondent filed a motion to dismiss this petition for writ of habeas corpus (Petition).  The

17  Court has reviewed the record, and for the following reasons, **RECOMMENDS** that the district judge

18  **DENY** the motion to dismiss **without prejudice**, **FIND** this is a "mixed" petition, that is, one that

19  contains exhausted and unexhausted claims, and notify Petitioner that he should inform this Court how

20  he chooses to proceed with his mixed petition.

21  **Procedural Background**.

22          On November 2, 2006 a San Diego Superior Court jury found David Brown (Petitioner) guilty of

23  furnishing a controlled substance and possessing cocaine base for sale.  Lodgment 1 at 191-192.  The

24  jury also found true Petitioner's prior conviction for selling or furnishing a controlled substance and that

25  he had not remained free of prison custody or of committing a felony conviction for five years

26  subsequent to his release from prison.  Lodgment 1 at 189-190.  The trial court sentenced Petitioner to

27  six years in prison.  Lodgment 1 at 165-166.  On January 8, 2006, Petitioner filed a notice of appeal.

28  Lodgment 1 at 167.  One of Petitioner's appellate claims was that the trial court erred by denying his

1  motions for mistrial and for a new trial.  Lodgment 3 at 8-15.

2        The California Court of Appeal granted in part and denied in part Petitioner's appeal.  Lodgment

3  6.  It specifically denied the claim that the trial court erred in denying Petitioner's motions for mistrial

4  and for a new trial.  Petitioner filed a petition for review with the California Supreme Court that

5  included the claim for the trial court's error regarding the motion for mistrial.  Lodgment 7.  As of the

6  time Respondent filed this motion to dismiss, that petition for review was still pending.  Lodgment 8.

7        Petitioner filed a state habeas petition with the California Court of Appeal, which the appellate

8  court consolidated with the direct appeal.  Lodgments 9, 10.  The appellate court denied that petition on

9  February 15, 2008.  Lodgment 11.  Petitioner then filed three separate state habeas petitions with the

10  California Supreme Court on February 6, 2007 [Lodgment 12], November 11, 2007 [Lodgment 14] and

11  December 24, 2007 [Lodgment 15].  The California Supreme Court denied the first petition on July 11,

12  2007 [Lodgment 13], and the other two remain pending.

13        Petitioner filed this federal petition for writ of habeas corpus on January 1, 2008.  [Doc. No. 1.]

14  One of Petitioner's claims is that he did not receive a right to a fair trial because the trial court erred by

15  denying his motion for mistrial based on the jury learning of Petitioner's custody status.  After the Court

16  granted Petitioner leave to proceed in forma pauperis, it ordered Respondent to respond to the Petition.

17  [Doc. No. 7.]  Respondent filed a motion to dismiss on April 9, 2008 [Doc. No. 12.]  Respondent argued

18  that this Court should abstain from adjudicating the Petition because Petitioner has a petition for review

19  and two petitions for writ of habeas corpus pending in the California Supreme Court.  Petitioner filed an

20  opposition on May 7, 2008. [Doc. No. 15.]  He also filed a motion for appointment of counsel, which

21  included a letter from his appellate attorney informing him that the Supreme Court of California denied

22  his petition for review on April 16, 2008.  [Doc. No. 14 at 4.]  The attorney sent Petitioner a copy of the

23  order denying the petition for review.  [Doc. No. 14 at 6.]

24        The highest state court has now ruled on the merits of one of the issues for which Petitioner

25  seeks relief in federal court.  *See Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  The California

26  Supreme Court's ruling on the claim therefore exhausts the claim, which makes this is a "mixed"

27  petition, that is, one that contains exhausted and unexhausted claims.  The filing of a mixed petition

28  renders the Petition subject to dismissal.

**Petitioner's Options.**

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

**i) First Option:  Demonstrate Exhaustion.**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claim(s) the Court has determined are likely unexhausted.  If Petitioner chooses this first option, this Court **RECOMMENDS** that his papers be due no later than ***30 days*** from the date of the district judge's final order regarding this report and recommendation, and that Respondent be able to file a reply within ***45 days*** of the district judge's order.

**ii) Second Option:  Voluntarily Dismiss the Petition.**

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims.  Petitioner may then file a new federal petition containing only exhausted claims.  *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this second option, this Court **RECOMMENDS** that his papers be due no later than ***30 days*** from the date of the district judge's final order regarding this report and recommendation, and that Respondent be able to file a reply within ***45 days*** of the district judge's order.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).  Filing a petition in federal court does not stop the statute of limitations from running.  *Id.* at 181-82; *Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

**iii) Third Option:  Formally Abandon Unexhausted Claim(s).**

Petitioner may formally abandon his unexhausted claim(s) and proceed with his exhausted one(s).  *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").  If Petitioner chooses this third option, this Court **RECOMMENDS** that his papers be due no later than ***30 days*** from the date of the

district judge's final order regarding this report and recommendation, and that Respondent be able to file a reply within **_45 days_** of the district judge's order.

Petitioner is cautioned that once he abandons his unexhausted claim(s), he may lose the ability to ever raise it/them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).

**iv)  Fourth Option: File a Motion to Stay the Federal Proceedings.**

Petitioner may move to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). *See Jackson v. Roe*, 425 F.3d 654, 660 (9th Cir. 2005) (interpreting *Rhines v. Weber*, 544 U.S. 269 (2005) as permitting a district court to stay a mixed petition while the petitioner returns to state court); *Valerio v. Crawford*, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc); *Calderon v. United States Dist. Ct. for the N. Dist. of Cal.*, 134 F.3d 981, 986-88 (9th Cir. 1998).  If Petitioner chooses this fourth option, this Court **RECOMMENDS** that he file a pleading with this Court no later than **_30 days_** from the date of the district judge's final order regarding this report and recommendation, and that Respondent be able to file a reply within **_45 days_** of the district judge's order.

**Conclusion.**

This Court **RECOMMENDS** that the district judge **DENY** the motion to dismiss **without prejudice**, **FIND** the petition to be a mixed petition with exhausted and unexhausted claims, and allow Petitioner choose whether to: (1) demonstrate exhaustion; (2) dismiss this action and return to state court to exhaust all claims, then file a new federal petition with all those claims; (3) amend the petition to delete the unexhausted claims; or (4) file a motion to stay  these proceedings while he exhausts his unexhausted claims.

This Court also **RECOMMENDS** that the district judge notify Petitioner that if he does not inform the Court by the stated deadline of his intent with how to proceed, this Court will recommend to the district judge assigned to this case that the Petition be dismissed without prejudice. *See Rose*, 455 U.S. at 522.

The undersigned submits this report and recommendation to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  **IT IS ORDERED** that no later than **_June 13,_**

1  *2008*, any party to this action may file written objections with the Court and serve a copy on all parties.

2  The document should be captioned "Objections to Report and Recommendation."

3       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

4  served on all parties no later than ***June 23, 2008***.  The parties are advised that failure to file objections

5  within the specified time may waive the right to raise those objections on appeal of the Court's order.

6  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

7       **IT IS SO ORDERED.**

8  DATED:  May 28, 2008

9

10                       Hon. Nita L. Stormes
                     U.S. Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv17 JM (NLS)