**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID CARLTON BROWN,<br><br>　　　　　　　　　　　　Petitioner,<br>　vs.<br>MATTHEW CATE,<br><br>　　　　　　　　　　　　Respondent. | CASE NO. 08 CV 0017 JM (NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |

　　　Petitioner, proceeding pro se, filed a petitioner for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 2, 2008.  Respondent moved to dismiss on April 9, 2008.  Petitioner filed a traverse in opposition on May 7, 2008.  On May 28, 2008, Magistrate Judge Nita L. Stormes issued a Report and Recommendation ("R&R") recommending that the court deny Respondent's motion to dismiss, deem the petition a "mixed" petition, and notify Petitioner that he should inform the court how he chooses to proceed with the mixed petition.  Petitioner filed no objections to the R&R.

　　　The court reviews a magistrate judge's R&R according to the standards set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636.  The court "shall make a de novo determination of those portions of the report . . . to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980).

**I.　BACKGROUND**

　　　The court hereby incorporates by reference the R&R's Procedural Background section, with

1 the following clarification. At the time Petitioner filed his § 2254 petition, the California Supreme
2 Court had ruled on only one of his three state habeas petitions and had not yet ruled on his direct
3 appeal. (See Lodgment 13 (denial of first state habeas petition).) On April 16, 2008, the California
4 Supreme Court rejected his direct appeal. (Mot. for Appointment of Counsel (Doc. no. 14) at 6.) On
5 April 23, 2008, the California Supreme Court rejected his two remaining state habeas petitions. (Id.
6 at 7-8.) Accordingly, Petitioner is no longer challenging his conviction in state courts.

**II.    DISCUSSION**

The R&R does not address Respondent's argument that the court should dismiss the petition based on abstention principles. Instead, the R&R recommends that the court deem the petition a "mixed" petition containing both exhausted and unexhausted claims.

The Ninth Circuit has held that, under Younger v. Harris, 401 U.S. 37 (1970), district courts should abstain from adjudicating federal constitutional claims when a federal habeas petitioner's state appeal is pending, irrespective of whether state court remedies have been exhausted. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Younger, 401 U.S. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. Sherwood, 716 F.2d at 634.

Absent extraordinary circumstances, abstention under Younger is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001). Here, because the California Supreme Court has rejected Petitioner's direct appeal of his conviction, the Younger abstention doctrine does not apply.

Nevertheless, the court does not find that the petition is a mixed petition. The R&R did not identify the purportedly unexhausted claims. Because the California Supreme Court has now ruled

1  on the direct appeal and state habeas petitions, the basis for the R&R's conclusion that the petition
2  contains unexhausted claims may have changed. Perhaps anticipating this result, Respondent
3  requested an opportunity to address exhaustion once Petitioner's direct appeal and state habeas
4  petitions became final. (See Mot. to Dismiss at 5 n.2 (explaining that abstention doctrine would have
5  allowed court to resolve motion without reaching exhaustion).) To facilitate a more complete analysis
6  of this issue, the court now grants Respondent's request.

7  The court therefore denies the motion to dismiss on abstention grounds without prejudice to
8  a renewed motion to dismiss addressing the issue of exhaustion.

9  **III. CONCLUSION**

10  The court **ADOPTS** the R&R's recommendation to deny the motion to dismiss, as modified
11  herein to reflect the fact that intervening events have overcome the original basis for the R&R's
12  conclusion.

13  The court **DENIES** the motion to dismiss on abstention grounds without prejudice to a
14  renewed motion to dismiss addressing the issue of exhaustion. If Respondent wishes to file such a
15  renewed motion, the motion must be filed within **45 days** of the date of this order.

16  **IT IS SO ORDERED.**

17  DATED: August 5, 2008

18  _____
    Hon. Jeffrey T. Miller
19  United States District Judge