# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CARLTON BROWN,<br><br>                             Petitioner,<br>   vs.<br><br>MATTHEW CATE,<br><br>                             Respondent. | CASE NO. 08 CV 0017 JM (NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED**<br><br>Doc. Nos. 23, 29, and 31 |

Petitioner, proceeding *pro se* and *in forma pauperis*, filed a petitioner for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 2, 2008. (Doc No. 1.) Respondent moved to dismiss on abstention grounds on April 9, 2008. (Doc. No. 12.) Because the outstanding state court proceedings were resolved during the pendency of the motion, this court denied the motion without prejudice to a renewed motion to dismiss addressing the issue of exhaustion. (Doc. No. 24.) Accordingly, Respondent moved to dismiss the petition on exhaustion grounds on October 14, 2008. (Doc. No. 29.) Petitioner filed a traverse in opposition on October 28, 2008. (Doc. No. 30.) Also pending before this court is Petitioner's June 26, 2008 motion to stay the federal proceedings. (Doc. No. 23.) On November 21, 2008, Magistrate Judge Nita L. Stormes issued a Report and Recommendations. (Doc. No. 31, "R&R".) Petitioner filed his objections to the R&R on December 11, 2008. (Doc. No. 32.) The government filed no objections. Upon review of all the relevant documents and applicable authorities, and for the reasons discussed below, the court adopts the R&R as modified.

## I. BACKGROUND

The court hereby incorporates by reference the R&R's Procedural Background section. Petitioner presents the following "grounds" for his petition, entitled as follows: (1) "Jury misconduct, contaminating influence outside court;" (2) "Wrongful restraint once in jeopardy, double jeopardy, violation of due process of law. Continuation cause unfair trial, Order remand/reversal of conviction, move for O.R. release;" (3) "Abuse of discretion, unreasonable application of clearly established Federal law (Unjust Decision);" and (4) "'Restraints on a Man's Liberty' Request to/for O.R. Release on own recognizance involved an unreasonable application of clearly established Federal Law." (Doc. No. 1 at 6-9.) The R&R recommends this court: (a) find claims two and four unexhausted and therefore deem the petition a "mixed" petition containing both exhausted and unexhausted claims (R&R at 5-6); (b) find no exceptions to the exhaustion requirement are warranted (R&R at 6); (c) deny Petitioner's motion to stay and abey the unexhausted claims but grant what is construed as Petitioner's alternative request to delete any unexhausted claims (R&R at 7); and (d) deny Petitioner's requests, made in his opposition papers, for an evidentiary hearing and appointment of counsel (R&R at 8).

## II. DISCUSSION

### A. Legal Standards

The court reviews a magistrate judge's R&R according to the standards set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636. The court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980).

Under 28 U.S.C. § 2254, prior to filing a federal habeas petition, a prisoner in state custody pursuant to a state court judgment must first exhaust state judicial remedies through either direct appeal or collateral proceedings. To effect exhaustion, the prisoner must give the highest state court a fair opportunity to rule on the merits of each issue raised in the federal petition by providing not only the operative facts but also the substance of the federal claim. See Anderson v. Harless, 459 U.S. 4, 6 (1982); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). Also, the petitioner must have "'fairly presented' to the state courts the 'substance' of his federal habeas corpus claim." Anderson, 459 U.S.

at 6 (quoting Picard v. Connor, 404 U.S. 270, 275, 277-78 (1971)). The Supreme Court has stated "it is not sufficient merely that the federal habeas applicant has been through the state courts." Picard, 404 U.S. at 275-76. Rather, the petitioner must "present the state courts with the same claim he urges upon the federal courts." Id. at 276. The burden of demonstrating exhaustion rests on the petitioner. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981)(citations omitted). If a petitioner files a mixed petition, comprising both exhausted and unexhausted claims, a court must dismiss the entire petition without reaching the merits of any claim. Rose v. Lundy, 455 U.S. 509, 522 (1982); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

**B. Analysis**

  **1. Petitioner's Claims and Exhaustion**

Courts have a "duty...to construe pro se pleadings liberally," particularly when filed by prisoners. Hamilton v. U.S., 67 F.3d 761, 764 (9th Cir. 1995)(citing Hughes v. Rowe, 449, U.S. 5, 9 (1980)). Allegations made through a pro se habeas petition, "though vague and conclusory, are entitled to a liberal construction." Burris v. United States, 430 F.2d 399, 403 (7th Cir.1970), cert. denied, 401 U.S. 921 (1971). Liberal construction requires active interpretation in some cases to construe a pro se petition "to encompass any allegation stating federal relief." White v. Wyrick, 530 F.2d 818, 819 (8th Cir.1976). Respondents urge grounds two and four put forth by Petitioner should be dismissed as they have not been exhausted at the state level. The R&R recommends this court come to the same conclusion. Here, although Petitioner arranges his contentions across four "grounds," the court views three claims for relief.[1] With the claims analyzed in this fashion, the court finds the claims have, in fact, been exhausted. The court also notes the facts supporting each claim are found under several different "grounds" as well as in the "attachments and exhibits" included with the Petition.

First, Petitioner argues several jurors in his third trial became aware of his custodial status when they observed him in shackles outside the courtroom. (Doc. No. 1 at 6.) Petitioner alleges the jury was thus tainted, resulting in prejudice against him, and no fair trial was possible. (Doc. No. 1

---

[1] The section identified as "Grounds Four" in Petitioner's papers includes facts relevant to the other three claims. The court therefore disregards the fourth claim as a separate claim and reviews the facts described therein where relevant to the remaining three claims.

1  at 6.) Petitioner suggests the trial judge's refusal to release him from custody pending his third trial
2  caused the jury contamination. (Doc. No. 1 at 7, 9.) Further, Petitioner contends the trial judge's
3  denial of his motions for a mistrial and a new trial on this basis were in error and an abuse of
4  discretion. (Doc. No. 1 at 6, 15.) Finally, Petitioner contends the trial judge's instruction to and
5  admonishment of the jury about his status were erroneous and ineffective to remove the prejudice.
6  (Doc. No. 1 at 6.) Petitioner claims these events violated his right to a fair trial by an impartial jury
7  under the due process clause of the Fourteenth Amendment. See Estelle v. Williams, 425 U.S. 501,
8  503 (1976); People v. Taylor, 31 Cal.3d 488, 494 (1982). This claim was presented to the California
9  Court of Appeal on direct appeal (Lodgment 7) and to the California Supreme Court by habeas
10 petition (Lodgment 12). Petitioner's state remedies have been exhausted with respect to the first
11 claim.

12         Second, Petitioner claims his constitutional rights were violated because he was subjected to
13 repeated trials on the same charge. (Doc. No. 1 at 7, 14.) In support of this claim, Petitioner contends
14 the multiple trials put him in double jeopardy and, since the government had several opportunities to
15 observe defense strategy, gave the prosecution a tactical advantage in convicting him. (Doc. No. 1
16 at 7, 8, 14.) Petitioner also suggests the trial judge (who had presided over Petitioner's second trial
17 and was reversed on appeal) was biased and abused her discretion in refusing to recuse herself. (Doc.
18 No. 1 at 14.) The government concedes that, "[c]onstrued liberally, this claim could be interpreted
19 as being similar to the first claim Petitioner raised in his habeas petition before the Court of Appeal
20 in case number D051427 (*See* Lodgment 9 at 3-4.)" (Doc. No. 29-2 at 6.) The government argues the
21 claim is unexhausted because the facts supporting it were never presented to the California Supreme
22 Court. (Doc. No. 29-2 at 6.) However, both the claim and supporting facts were presented, as the
23 relevant paragraph in the Court of Appeal writ was repeated nearly verbatim in Petitioner's November
24 2007 and December 2007 submissions to the state supreme court. (Lodgment 14 at 8; Lodgment 15
25 at 8.) Thus, the court finds this claim has been exhausted.

26         In Petitioner's third claim, he argues his conviction was based on an unconstitutional
27 entrapment by law enforcement officials and that the jury misunderstood the law and the trial judge's
28 jury instruction on this issue. (Doc. No. 1 at 7, 16.) In addition, he suggests he was working *with* law

1  enforcement officials, "under their immediate direction or instruction" and thus, should be immune
2  from prosecution. (Doc. No. 1 at 7, 16.) He appears to claim these circumstances violated his due
3  process rights. This claim was presented to the California Court of Appeal (Lodgment 9 at 7) and to
4  the California Supreme Court in Petitioner's November 2007 and December 2007 habeas petitions
5  (Lodgment 14 at 16; Lodgment 15 at 16). Petitioner therefore exhausted his state law remedies on his
6  third claim.

7  For the reasons discussed above, this court finds the Petition contains only exhausted claims.
8  Respondent's motion to dismiss is therefore **DENIED**.

### 2. Petitioner's Motion to Stay and Abey

10  As noted above, also pending before this court is Petitioner's June 26, 2008 motion to stay
11  the federal proceedings, or in the alternative, to excuse his failure to exhaust.[2] (Doc. No. 23.) As all
12  claims have been exhausted, the motion to stay and abey is **DENIED** as moot.

### 3. Petitioner's Requests for Evidentiary Hearing and Representation

14  As discussed in the R&R, Petitioner has not presented any new grounds warranting
15  appointment of counsel at this time. In addition, no circumstances indicate a need for an evidentiary
16  hearing. Petitioner's requests for counsel and an evidentiary hearing are **DENIED**.

## C. Sufficiency of Lodgments

18  Respondent filed various lodgments with the court in this case, including several of the state
19  court petitions and summary denials from the California Court of Appeal and California Supreme
20  Court. (Doc. No. 12-2.) Where there is no reasoned decision from the state's highest court, the Court
21  "looks through" to the underlying appellate court decision. Ylst v. Nunnemaker, 501 U.S. 797, 801-06
22  (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas
23  courts must conduct an independent review of the record to determine whether the state court's
24  decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See
25  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by Lockyer v.
26  Andrade, 538 U.S. 63, 75-76 (2003)); Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). On the

---

28  [2]The R&R appears to read Petitioner's alternative argument that any failure to exhaust should be excused as a request for the court to delete any unexhausted claims. (R&R at 7.)

- 5 -                                                                 08cv0017

1 record submitted, the court is unable to determine whether there has been a dispositive state court
2 order on the issues raised in the Petition.
3   Thus, the court has determined the following additional lodgments will be necessary for any
4 review on the merits:
5 a) People v. Brown, Order Denying Petition for Writ of Habeas Corpus, California Court of Appeal
6 Case No. D051427;[3] and
7 b) People v. Brown, California Superior Court Case No. SCD 178177, any orders from the California
8 Superior Court denying petitions for writ of habeas corpus in that case.[4]

### III.   CONCLUSION

The court **ADOPTS as modified** the R&R's recommendations (Doc. No. 31) and **ORDERS** the following:

1) Respondent's motion to dismiss is **DENIED** without prejudice to a renewed motion to dismiss addressing the merits of the petition (Doc. No. 29);

2) Petitioner's motion to stay and abey is **DENIED** (Doc. No. 23); and

3) Petitioner's requests for counsel and an evidentiary hearing are **DENIED** (Doc. No. 32).

If Respondent wishes to file a renewed motion to dismiss, referenced above, the motion must be filed within **45 days** of the date of this order.

Further, the court **ORDERS** Respondent to lodge the items listed in Section II, C, *supra*, with the court within **45 days** of the date of this order.

**IT IS SO ORDERED.**

DATED: February 3, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

---

[3] An item marked as such was filed as Lodgment 11, but the document was a copy of a denial of a "Motion for an Order to Show Cause and Order for Consolidation" from December 3, 2007 rather than the order denying the petition itself.

[4] Attached to the Petition is the first page of an order from the Superior Court of California denying a habeas corpus petition in the underlying case, SCD 178177. It appears from the caption to be the third such petition.